**SIDLEY AUSTIN LLP**
Anthony R. Grossi
Ameneh Bordi
787 Seventh Avenue
New York, New York 10019
Telephone:    (212) 839-5300
Facsimile:    (212) 839-5599
Email:         agrossi@sidley.com
               abordi@sidley.com


*Counsel to the Foreign Representative*


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Kaisa Group Holdings Ltd., | Case No. 26-10818 (●) |
| Debtor in Foreign Proceedings. | |
| In re: | Chapter 15 |
| Rui Jing Investment Company Limited, | Case No. 26-10819 (●) |
| Debtor in Foreign Proceedings. | |

**MOTION FOR AN ORDER DIRECTING**
**JOINT ADMINISTRATION OF CHAPTER 15 CASES**

By and through his undersigned counsel, Mr. Tam Lai Ling, in his capacity as the authorized foreign representative (the "Foreign Representative") for Kaisa Group Holdings Ltd. ("Kaisa") and for Rui Jing Investment Company Limited ("Rui Jing," and together with Kaisa, the "Debtors," and each, a "Debtor"), with respect to restructuring proceedings entitled *In the Matter of Kaisa Group Holdings Ltd.* (Case Number HCMP 1705/2024) (the "Kaisa Hong Kong Proceeding") and *In the Matter of Rui Jing Investment Company Limited* (Case Number

HCMP 1706/2024) (the "Rui Jing Hong Kong Proceeding," and together with the Kaisa Hong

Kong Proceeding, the "Hong Kong Proceedings"), respectively, concerning schemes between the

Debtors and certain Scheme Creditors (the "Hong Kong Schemes")[1] pursuant to sections 670, 671,

673, and 674 of the Hong Kong Companies Ordinance (Chapter 622 of the Laws of Hong Kong)

(the "Hong Kong Companies Ordinance") before the Court of First Instance of the High Court of

the Hong Kong Special Administrative Region of the People's Republic of China (the "Hong Kong

Court"), respectfully submits this motion (this "Motion") pursuant to section 105(a) of title 11 of

the United States Code (the "Bankruptcy Code") and rule 1015(b) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order, substantially in the form

annexed hereto as **Exhibit A**, directing the joint administration of the Chapter 15 Cases (as defined

herein) and the consolidation thereof for procedural purposes only.  In further support of the

Motion, the Foreign Representative respectfully states as follows:[2]

### RELIEF REQUESTED

1.      By this Motion, the Foreign Representative seeks the entry of an order substantially

in the form annexed hereto as **Exhibit A** (the "Proposed Order") (i) directing the joint

administration of these Chapter 15 Cases for procedural purposes only pursuant to Bankruptcy

---

[1]   The Debtors' In-Scope Debts (as defined in the Recognition Motion) are subject to four court-sanctioned schemes of arrangement (the "Schemes") across three jurisdictions, including (a) a scheme of arrangement implemented by Kaisa in Hong Kong (the "Kaisa Hong Kong Scheme"); (b) a parallel scheme of arrangement to the Kaisa Hong Kong Scheme in Kaisa's place of incorporation in the Cayman Islands (the "Kaisa Cayman Scheme," together with the Kaisa Hong Kong Scheme, the "Kaisa Schemes"); (c) a scheme of arrangement implemented by Rui Jing in Hong Kong (the "Rui Jing Hong Kong Scheme," and together with Kaisa Hong Kong Scheme, the "Hong Kong Schemes"); and (d) a parallel scheme of arrangement to the Rui Jing Hong Kong Scheme in Rui Jing's place of incorporation—the British Virgin Islands (the "Rui Jing BVI Scheme," together with the Rui Jing Hong Kong Scheme, the "Rui Jing Schemes").  For the avoidance of doubt, the Foreign Representative seeks only recognition of the Hong Kong Schemes in these Chapter 15 Cases, but reserves all rights to seek recognition of the Kaisa Cayman Scheme and the Rui Jing BVI Scheme.

[2]   Capitalized terms used but not otherwise defined herein have the meaning ascribed to such terms in the *Motion for (I) Recognition of Foreign Main Proceedings; (II) Recognition of Foreign Representative; and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Recognition Motion") or Supporting Documents (as defined in the Recognition Motion), as applicable.

2

Rule 1015(b); (ii) granting related relief as provided herein; and (iii) granting such other relief as the United States Bankruptcy Court for the Southern District of New York (this "Court") deems just and proper.[3]

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431 dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012) (Preska, C.J.). Recognition of a foreign proceeding and other matters under Chapter 15 of the Bankruptcy Code have been designated core matters under 28 U.S.C. § 157(b)(2)(P).

3.      The Foreign Representative has properly commenced the above-captioned Chapter 15 cases (the "Chapter 15 Cases") pursuant to sections 1504 and 1509 of the Bankruptcy Code by filing petitions for recognition of the Hong Kong Proceedings under section 1515 of the Bankruptcy Code (each, a "Chapter 15 Petition", and collectively, the "Chapter 15 Petitions").

4.      Venue with respect to the Chapter 15 Petitions lies properly in the Southern District of New York pursuant to 28 U.S.C. § 1410(1) because the Debtors' sole assets in the United States—an attorney retainer account and the funds therein—are located in New York, New York.

## BACKGROUND

5.      As of the date hereof, the Foreign Representative, as the duly appointed and authorized foreign representative of the Debtors, commenced each of the above-captioned Chapter 15 Cases contemporaneously with, and accompanied by, all certifications, statements, lists, and

---

[3]   Nothing contained in this Motion should be construed as a request for substantive consolidation of these Chapter 15 Cases.

documents, pursuant to sections 1504 and 1515 of the Bankruptcy Code, seeking recognition of foreign proceedings, and requesting a permanent injunction and other related relief.

6.    Additional background information concerning the basis for these Chapter 15 Cases is set forth in the Recognition Motion.

**BASIS FOR RELIEF REQUESTED**

7.    Section 1519 of the Bankruptcy Code permits this Court, upon the filing of a petition under chapter 15, to grant relief, including appropriate relief under section 1521(a)(7) of the Bankruptcy Code, where "urgently needed to protect the assets of the debtor or interests of creditors." 11 U.S.C. § 1519.  Section 1521(a)(7) of the Bankruptcy Code permits this Court, upon the request of a foreign representative to grant any "additional relief that may be available to a trustee," which would include joint administration.  11 U.S.C. § 1521.  The Foreign Representative respectfully submits that joint administration of the Debtors' Chapter 15 Cases, on a procedural and not substantive basis, best serves the interests of the Debtors, their creditors, and parties in interest.

8.    By separate application, the Foreign Representative intends to request, in accordance with section 1517 of the Bankruptcy Code, that this Court set a single date for a hearing on the Chapter 15 Petitions and the Foreign Representative's request for recognition of the Hong Kong Proceedings.

9.    Bankruptcy Rule 2002(q)(1) provides that parties are to be given 21 days' notice of a hearing to consider granting the relief requested in a chapter 15 petition.  *See* Bankruptcy Rule 2002(q)(1).  In order to ensure that the Debtors, Scheme Creditors, and other parties-in-interest have proper and sufficient notice (including by way of publication) of the hearing to consider recognition, the Foreign Representative respectfully submits that the relief requested is urgently needed.

4

**I.      The Debtors are Affiliates Under Bankruptcy Rule 1015(b)**

10.      An order of joint administration concerns the routine administration of multiple cases and may be entered by the Court on an *ex parte* basis.  Bankruptcy Rule 1015(b) provides, in relevant part, "if a joint petition or two or more petitions are pending in the same court by or against [...] a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b).  Section 101(2) of the Bankruptcy Code defines "affiliate" to mean, among other things, an entity or corporation that "directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor" or a corporation in which the debtor directly or indirectly owns, controls, or holds with power to vote 20 percent of outstanding shares or more. 11 U.S.C. § 101(2).

11.      Courts in this jurisdiction and others have routinely granted joint administration of interrelated Chapter 15 cases based on Bankruptcy Rule 1015(b).  *See, e.g.*, *In re Oak and Fort Corp.*, Case No. 25-11282 (MG) (Bankr. S.D.N.Y. June 9, 2025); *In re Giftcard Ltd.*, Case No. 25-11030 (MG) (Bankr. S.D.N.Y. May 30, 2025); *In re Ted Baker Canada Inc.*, No. 24-10699 (MEW) (Bankr. S.D.N.Y April 25, 2024); *In re PT Delta Merlin Dunia Textile*, No. 19-13214 (Bankr. S.D.N.Y. Oct. 8, 2019); *In re EuropaCorp S.A.*,  No. 19-11587 (MEW) (Bankr. S.D.N.Y. May 20, 2019).

12.      As set forth above, Kaisa is the immediate parent company of Rui Jing.  As such, the Debtors are "affiliates" as such term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Court is authorized to grant the relief requested herein.

13.      In addition to Bankruptcy Rule 1015(b), the Foreign Representative submits that the relief requested herein is available pursuant to section 105(a) of the Bankruptcy Code.  Section 105(a), made applicable in chapter 15 cases pursuant to section 103(a), permits this Court to "issue

5

any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Section 105(a) "empower[s] 'the bankruptcy court to exercise its equitable powers to facilitate the implementation of other Bankruptcy Code provisions." *In re Select Tree Farms, Inc.*, 483 B.R. 595, 597 (Bankr. W.D.N.Y. 2012) (internal quotations omitted) (citing *Solow v. Kalikow (In re Kalikow)*, 602 F. 3d 82, 97 (2d Cir. 2010)); *see also In re Fairfield Sentry Ltd.*, 458 B.R. 665, 691-92 (S.D.N.Y. 2011) (noting that in chapter 15 cases, a bankruptcy court may enter orders pursuant to section 105(a) only to the extent consistent with the Bankruptcy Code and the Bankruptcy Rules) (citing *Barbieri v. RAJ Acquisition Corp. (In re Barbieri)*, 199 F.3d 616, 620-21 (2d Cir. 1999)).

**II.      Joint Administration of the Estate Will Provide Greater Ease of Administration**

14.     Joint administration will ease the administrative and financial burden of these Chapter 15 Cases, avoiding considerable unnecessary time and expense. The Foreign Representative is seeking that the motions and hearings in these Chapter 15 Cases proceed on a parallel basis given the parallel nature of the Hong Kong Proceedings. If not jointly administered, with two affiliated Debtors, each with its own case docket, these Chapter 15 Cases will necessitate preparing and filing duplicative motions and supporting documents, requesting duplicate hearings, and forwarding duplicate notices to creditors and other parties-in-interest. Such duplication of substantially identical documents would be wasteful of the Group's resources and unnecessarily burden the Court and potentially confuse parties-in-interest.

15.     In contrast, joint administration will permit the Court to use a single docket for these Chapter 15 Cases and to combine notices to Scheme Creditors and other parties-in-interest of the Debtors, resulting in a more expeditious and cost-effective process than the separate administration of the Chapter 15 Cases. Joint administration will also protect parties in interest by

ensuring that they will be properly apprised of the various matters before the Court.

16. Accordingly, the Foreign Representative requests that the Clerk of the Court maintain one file and one docket for these Chapter 15 Cases, which file and docket shall be the file and docket for Kaisa Group Holdings Ltd.

17. The Foreign Representative further requests that any pleadings filed after the date hereof bear the following joint administration caption:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Kaisa Group Holdings Ltd., *et al.*,[1] | Case No. 26-[●] (●) |
| | (Jointly Administered) |
| Debtors in Foreign Proceedings. | |

---

[1] The Debtors in these above-captioned Chapter 15 proceedings (these "Chapter 15 Cases") are collectively: (i) Kaisa Group Holdings Ltd., incorporated in the Cayman Islands as an exempted company with limited liability with Hong Kong registration number 39433977; and (ii) Rui Jing Investment Company Limited, incorporated in the British Virgin Islands ("BVI") as a limited liability company with the company number 1420460. The Debtors' mailing address is at 30/F, The Center, 99 Queen's Road Central, Central, Hong Kong.

18. In addition, the Debtors seek the Court's authorization to have a notation substantially similar to the following notation entered on the docket of each Debtors' Chapter 15 case to reflect the joint administration of these cases:

"An Order has been entered in this case directing the procedural consolidation and joint administration of these Chapter 15 Cases of Kaisa Group Holdings Ltd. and Rui Jing Investment Company Limited. The docket of Case No. 26-[●] (●) should be consulted for all matters affecting this case."

**III. No Party in Interest Will Be Prejudiced by Virtue of the Relief Requested**

19. As set forth in the Recognition Motion, Kaisa is the immediate parent company of Rui Jing, and the financial affairs and business operations of the Debtors are closely related. Further, many of the parties in interest have an interest in both of the Hong Kong Proceedings.

The rights of the Debtors' respective Scheme Creditors will not be adversely affected by the proposed joint administration of the Chapter 15 Cases.  This Motion requests only administrative, rather than substantive, consolidation and does not seek to modify the relative rights and remedies of creditors against any of the individual Debtors.  This request for purely procedural relief will relieve the Court of the burden of entering duplicative orders and maintaining duplicative files.

20.      Based on the foregoing, the Foreign Representative submits that the relief requested is necessary and appropriate, is in the best interests of the Debtors, their creditors, and parties in interest and should be granted in all respects.

## NOTICE

21.      In accordance with Bankruptcy Rule 2002(q), the Foreign Representative, through the Debtors' noticing agent, Kroll Restructuring Administration LLC, will provide notice of this Motion to (i) the Debtors; (ii) the Office of the United States Trustee for Region 2; and (iii) the parties entitled to notice set forth in the *Motion Pursuant to Federal Rules of Bankruptcy Procedure 2002 and 9007 for Order (I) Scheduling Recognition Hearing (II) Setting Objection Deadline, and (III) Approving Form and Manner of Service of Notice*, filed contemporaneously herewith.  The Foreign Representative submits that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

## NO PRIOR REQUEST

22.      No previous request for the relief sought herein has been made by the Foreign Representative to this or any other court.

*[Remainder of page intentionally left blank.]*

8

WHEREFORE, the Foreign Representative respectfully requests that this Court enter an

order, substantially in the form attached hereto as **Exhibit A**, (i) direct the joint administration of

the Debtors' Chapter 15 cases pursuant to section 105(a) of the Bankruptcy Code and Rule 1015(b)

of the Federal Rules of Bankruptcy Procedure, and (ii) granting related relief as the Court deems

just and proper.

New York, New York
Dated: April 10, 2026

**SIDLEY AUSTIN LLP**

/s/ *Anthony Grossi*

Anthony Grossi
Ameneh Bordi
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
Email: agrossi@sidley.com
abordi@sidley.com

*Counsel to the Foreign Representative*