**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Kaisa Group Holdings Ltd., *et al.*,[1] | Case No. 26-10818 (JPM) |
| Debtors in Foreign Proceedings. | Jointly Administered |

**ORDER (I) SCHEDULING THE RECOGNITION HEARING,**
**AND (II) APPROVING FORM AND MANNER OF SERVICE OF NOTICE**

Upon the motion (the "Motion")[2] [Dkt. No. 5] of the Foreign Representative for the above-captioned debtors (the "Debtors") that are subject to the Hong Kong Proceedings, pursuant to rules 2002(l), 2002(m), 2002(p), 2002(q) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2002-1, 2002-4, 9006-1(b) and 9013-1(b) of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), for entry of an order (this "Order"), among other things: (i) scheduling May 19, 2026, or as soon thereafter as the Court's schedule permits (the "Recognition Hearing Date") as the hearing (the "Recognition Hearing") on the relief sought in the Recognition Motion; (ii) setting May 5, 2026 at 5:00 p.m. (prevailing Eastern Time) as the deadline by which any responses or objections to the Recognition Motion must be filed with the United States Bankruptcy Court for the Southern District of New York (this "Court") and received by the Debtors (the "Objection Deadline"); (iii) approving the form and manner of notice of the Recognition Motion, Recognition Hearing, and Objection Deadline (the "Notice Procedures"), including the form of notice (the "Recognition

---

[1]  The Debtors in these above-captioned Chapter 15 proceedings (these "Chapter 15 Cases") are collectively: (i) Kaisa Group Holdings Ltd., incorporated in the Cayman Islands as an exempted company with limited liability with Hong Kong registration number 39433977; and (ii) Rui Jing Investment Company Limited, incorporated in the British Virgin Islands ("BVI") as a limited liability company with the company number 1420460. The Debtors' mailing address is at 30/F, The Center, 99 Queen's Road Central, Central, Hong Kong.

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Hearing Notice") that is attached as **Exhibit 1** to the Motion; (iv) granting related relief as provided herein; and (v) granting such other relief as the Court deems just and proper; all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § 1410; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and upon the record of all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is granted to the extent set forth herein.

2.      The Recognition Hearing shall be held before this Court on May 19, 2026 at 9:30 a.m. (prevailing Eastern Time) or as soon thereafter as counsel may be heard, before the Honorable John P. Mastando III, of the United States Bankruptcy Court for the Southern District of New York.

3.      Parties wishing to appear at the Recognition Hearing, whether in a "live" or "listen only" capacity, must make an electronic appearance through the "eCourtAppearances" tab on the Court's website no later than 4:00 p.m. (prevailing Eastern Time) the business day before the Recognition Hearing (the "Appearance Deadline") and not by emailing or otherwise contacting

the Court.    Following the Appearance Deadline, the Court will circulate by email the Recognition Hearing's Zoom link to those parties who have made an electronic appearance. Additional information regarding the Court's Zoom and hearing procedures can be found on the Court's website.

4.    Any objection to the Recognition Motion must be made in accordance with the Bankruptcy Code, the Local Rules of the United States Bankruptcy Court for the Southern District of New York, and the Federal Rules of Bankruptcy Procedure, in a writing that sets forth the basis for such objection with specificity and the nature and extent of the respondent's claims against the Debtors.    Any such objection must be filed electronically with the Court on the Court's electronic case filing system in accordance with and as provided in *General Order M-399* (a copy of which may be viewed on this Court's website at www.nysb.uscourts.gov) and the Court's Procedures for the Filing, Signing and Verification of Documents by Electronic Means, and served upon the Foreign Representative's counsel, Sidley Austin LLP, 787 Seventh Avenue, New York, New York 10019 (Attn: Anthony Grossi), so as to be received by **5:00 p.m. (prevailing Eastern Time) on May 5, 2026**, with a courtesy copy served upon the Chambers of the Honorable John P. Mastando III, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408.

5.    If no response or objection is timely filed and served as provided above, this Court may grant the relief requested by the Foreign Representative without further notice or hearing.

6.    The Recognition Hearing may be adjourned from time to time without further notice other than a notice of adjournment on the docket in these Chapter 15 Cases or an announcement in open court of the adjourned date or dates of any further adjourned hearing.

7.    The Recognition Hearing shall be a final and evidentiary hearing at which

witnesses may testify and such testimony may be presented by contemporaneous transmission from another location.

8.      The form of the Recognition Hearing Notice, substantially in the form attached to the Motion as **Exhibit 1**, is hereby approved.   The Foreign Representative may fill in any missing dates and other information as ordered by this Court, correct any typographical errors, conform the provisions thereof to the provisions of this Order, and make such other and further   non-material, non-substantive changes to the form of the Recognition Hearing Notice as the Foreign Representative deems necessary or appropriate.

9.      Copies of the Notice Documents shall be served by electronic mail to the extent email addresses are available and otherwise by United States mail, overnight or first-class postage prepaid (provided that any exhibits may be served on compact disc or similarly widely accessible digital media storage format at the election of the Foreign Representative), upon (i) the Chapter 15 Notice Parties listed in Exhibit B attached to the Motion and (ii) the Scheme Creditors (to the extent the Debtors have notice information for such Scheme Creditors) within three (3) business days following entry of this Order.  All other documents filed in the Chapter 15 Cases shall be served by electronic mail to the extent email addresses are available, and otherwise by overnight or first-class postage prepaid, upon the Chapter 15 Notice Parties.

10.      If any party files a notice of appearance in these Chapter 15 Cases, the Foreign Representative shall serve a copy of the Notice Documents on such party or its counsel within three (3) business days following the filing of such notice of appearance if such documents have not already been served on such party (or its counsel).

11.      The Foreign Representative shall cause the Recognition Hearing Notice to be published in *The Wall Street Journal* or a similar national publication within three (3) business

days following the entry of this Order and cause notice of the Recognition Hearing to be issued from Kaisa on the Main Board of The Stock Exchange of Hong Kong Limited.

12. The notice requirements in section 1514(c) of the Bankruptcy Code are inapplicable in the context of these Chapter 15 Cases and are hereby waived.

13. Service pursuant to this Order shall constitute good and sufficient service and adequate notice of the Recognition Hearing under Bankruptcy Rule 2002.

14. The Foreign Representative is authorized to take all action necessary to carry out this Order.

15. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

**IT IS SO ORDERED**.

Dated: April 13, 2026
      New York, New York

                                        /s/     John P. Mastando III
                                        HONORABLE JOHN P. MASTANDO III
                                        U.S. BANKRUPTCY JUDGE