**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Kaisa Group Holdings Ltd., *et al.,*[1] | Case No. 26–10818 (JPM) |
| Debtors in Foreign Proceedings. | Jointly Administered |

**ORDER GRANTING**
**(I) RECOGNITION OF FOREIGN MAIN PROCEEDING,**
**(II) RECOGNITION OF FOREIGN REPRESENTATIVE, AND**
**(III) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY**
**CODE WITH RESPECT TO DEBTOR RUI JING INVESTMENT COMPANY LIMITED**

Upon the motion (the "Motion") [Dkt. No. 3][2] of the Foreign Representative for Rui Jing Investment Company Limited with respect to the Rui Jing Hong Kong Proceeding, pursuant to sections 105(a), 1504, 1507, 1510, 1515, 1517, 1520, 1521 and 1522 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532, for entry of an order (this "Order"), among other things: (i) recognizing the Rui Jing Hong Kong Proceeding as a "foreign main proceeding" or, in the alternative, as a "foreign nonmain proceeding," pursuant to Chapter 15 of the Bankruptcy Code; (ii) recognizing the Foreign Representative as a duly appointed "foreign representative," as defined in section 101(24) of the Bankruptcy Code in respect of the Rui Jing Hong Kong Proceeding; (iii) finding that the Chapter 15 Petition was properly filed and meets the requirements of section 1515 of the Bankruptcy Code; (iv) granting full force and effect and comity to the Rui Jing Hong Kong Proceeding and the Rui Jing Hong Kong Sanction Order and the additional relief set forth

---

[1]    The Debtors in these above-captioned Chapter 15 proceedings (these "Chapter 15 Cases") are collectively: (i) Kaisa Group Holdings Ltd., incorporated in the Cayman Islands as an exempted company with limited liability with Hong Kong registration number 39433977; and (ii) Rui Jing Investment Company Limited, incorporated in the British Virgin Islands ("BVI") as a limited liability company with the company number 1420460. The Debtors' mailing address is at 30/F, The Center, 99 Queen's Road Central, Central, Hong Kong.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1

herein pursuant to section 1521(a) and/or 1507(a) of the Bankruptcy Code; (v) enjoining parties from taking any action inconsistent with the Rui Jing Hong Kong Scheme in the United States, including giving effect to the Restructuring and discharge(s) contained in the Rui Jing Hong Kong Scheme; (vi) authorizing the Existing Common Depositary, Existing Notes Trustee, the Existing Paying and Transfer Agent and Registrar, any common depositary, successor trustees, principal paying agent, registrar, transfer agent, and any other administrative parties to take any and all actions necessary to give effect to the terms of the Restructuring and discharge(s); (vii) permanently enjoining all parties from commencing or continuing any action or proceeding in the United States against Rui Jing, its assets located within the territorial jurisdiction of the United States, or the Rui Jing Released Persons, that is inconsistent with the Rui Jing Hong Kong Scheme; and (viii) granting such other and further relief as this Court deems just and proper; and upon this Court's review and consideration of Rui Jing's Chapter 15 Petition, the Rui Jing Representative Declaration, and the Hong Kong Counsel Declaration, each filed contemporaneously with the Motion; and due and proper notice of Rui Jing's Chapter 15 Petition having been provided; and no other or further notice being necessary or required; and no objections or other responses having been filed; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

A.    The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2

B.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, section 1501 of the Bankruptcy Code, and the *Amended Standing Order of Reference* dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.).

C.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P) and this Court may enter a final order consistent with Article III of the United States Constitution.

D.      Venue is proper in this district pursuant to 28 U.S.C. § 1410.

E.      Rui Jing has intangible property and property rights within this district and, therefore, Rui Jing is eligible to be a debtor in a Chapter 15 case pursuant to sections 109 and 1501 of the Bankruptcy Code.

F.      Rui Jing's Chapter 15 Case was properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

G.      Rui Jing's Chapter 15 Petition meets the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rules 1007(a)(4) and 2002.

H.      The Rui Jing Hong Kong Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

I.      The Rui Jing Hong Kong Proceeding is located in Hong Kong, which is the country where Rui Jing's center of main interests is located and, as such, the Rui Jing Hong Kong Proceeding is entitled to recognition as a "foreign main proceeding" pursuant to sections 1502(4) and 1517(b)(1) of the Bankruptcy Code.

J.      The Rui Jing Hong Kong Scheme was sanctioned by the Rui Jing Hong Kong Sanction Order of the Hong Kong Court dated March 24, 2025.

K.    The Rui Jing Hong Kong Proceeding is entitled to recognition by this Court pursuant to sections 1515 and 1517(a) of the Bankruptcy Code.

L.    The Foreign Representative is a person within the meaning of section 101(41) of the Bankruptcy Code and is a duly appointed foreign representative of Rui Jing within the meaning of section 101(24) of the Bankruptcy Code.

M.    Rui Jing is eligible in the exercise of the Court's discretion for all the relief and additional assistance as set forth herein under sections 1507 and 1521(a) of the Bankruptcy Code.

N.    The relief granted hereby, warranted pursuant to sections 105(a), 1507(a)-(b), 1509(b)(2)-(3), 1515, 1517, 1520, 1521(a), and 1525(a) of the Bankruptcy Code, is necessary and appropriate to effectuate the purposes of Chapter 15, to protect Rui Jing and the interests of its creditors and other parties in interest, and is consistent with the laws of the United States, international comity, public policy, and the policies of the Bankruptcy Code.

O.    The relief granted hereby will not cause hardship to creditors of Rui Jing or other parties in interest that is not outweighed by the benefits of granting that relief.

P.    All creditors and other parties in interest, including Rui Jing, are sufficiently protected in the grant of the relief ordered hereby in compliance with section 1522(a) of the Bankruptcy Code.

Q.    Absent the relief granted herein, Rui Jing may be subject to the prosecution of judicial, quasi-judicial, arbitration, administrative or regulatory actions or proceedings in connection with the claims against it or its property that are subject to the Rui Jing Hong Kong Proceeding, thereby interfering with and causing harm to, Rui Jing, its creditors and other parties in interest in the Rui Jing Hong Kong Proceeding and, as a result, Rui Jing, its creditors and such

other parties in interest would suffer irreparable injury for which there is no adequate remedy at law, a result contrary to the purposes of Chapter 15.

R.      The injunctions contained herein (i) are within the Court's jurisdiction, (ii) are essential to protecting and enforcing the Rui Jing Hong Kong Proceeding, the Rui Jing Hong Kong Scheme, and the Restructuring implemented thereunder, and (iii) confer material benefits on, and are in the best interests of, Rui Jing and the Scheme Creditors.

S.      Appropriate notice of the filing of Rui Jing's Chapter 15 Petition was given, which notice was deemed adequate for all purposes, and no further notice need be given.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT**:

1.      The Motion and requested relief therein with respect to Rui Jing is granted.

2.      The Rui Jing Hong Kong Proceeding is granted recognition as a foreign proceeding as defined in section 101(23) of the Bankruptcy Code and pursuant to section 1517 of the Bankruptcy Code and is entitled to the protections of section 1520(a) of the Bankruptcy Code.

3.      The Foreign Representative is a duly appointed and authorized representative of the Rui Jing Hong Kong Proceeding within the meaning of section 101(24) of the Bankruptcy Code, is authorized to act on behalf of Rui Jing in the Chapter 15 Cases, and is established as the exclusive representative of Rui Jing in the United States.

4.      The Rui Jing Hong Kong Proceeding, the Rui Jing Hong Kong Scheme, and the Rui Jing Hong Kong Sanction Order, including the Restructuring, discharge(s), and Releases contained therein, including with respect to all Released Persons, are recognized, granted comity, and entitled to full force and effect in the United States against all entities (as that term is defined in section 101(15) of the Bankruptcy Code) in accordance with their terms.  For the avoidance of doubt, all debt that is discharged pursuant to the Rui Jing Hong Kong Scheme, the Rui Jing Hong

5

Kong Sanction Order, including any debt governed by New York state law, shall also be hereby discharged as a matter of federal and New York state law on the Rui Jing Hong Kong Scheme's Restructuring Effective Date.

5.        As of the date of this Order, all persons and entities are permanently enjoined and restrained from commencing or taking any action, or asserting any claim, within the territorial jurisdiction of the United States that is inconsistent with, in contravention of, or would interfere with or impede the administration, implementation, or consummation of the Rui Jing Hong Kong Scheme, the Rui Jing Hong Kong Sanction Order, or the terms of this Order, including:

(a)        executing against any of Rui Jing's assets;

(b)        commencing or continuing, including issuing or employing process, of a judicial, quasi-judicial, administrative, regulatory, arbitral, or other action or proceeding, or to recover a claim, including, without limitation, any and all unpaid judgments, settlements or otherwise against Rui Jing, its property, or any direct or indirect transferee of or successor to any property of Rui Jing, or any property of such transferee or successor, or any Released Person, in each case, to the extent such claims have been released, discharged, compromised, or otherwise affected by the Rui Jing Hong Kong Scheme, or the seeking of any discovery related to any of the foregoing, which in each case is in any way inconsistent with the administration of Rui Jing's estate in the Rui Jing Hong Kong Proceeding, the Rui Jing Hong Kong Sanction Order, the implementation and consummation of the Rui Jing Hong Kong Scheme, or otherwise under BVI, Hong Kong, US, or other applicable law;

(c)        taking or continuing any act to create, perfect or enforce a lien or other security interest, setoff or other claim against Rui Jing or any of its property or proceeds thereof, which in each case is in any way inconsistent with the administration of Rui Jing's estate in the Rui Jing Hong Kong Proceeding, the Rui Jing Hong Kong Sanction Order, the implementation and consummation of the Rui Jing Hong Kong Scheme, or otherwise under BVI, Hong Kong or US law;

(d)        transferring, relinquishing or disposing of any property of Rui Jing to any entity other than the Foreign Representative and his authorized representatives and agents or taking or continuing any act to obtain possession of, commingle, or exercise control over, such property, which in each case is in any way inconsistent with the administration of Rui Jing's estate in the Rui Jing Hong Kong Proceeding, the Rui Jing Hong Kong Sanction Order, the implementation and consummation of the Rui Jing Hong Kong Scheme, or otherwise under BVI, Hong Kong, US, or other applicable law;

6

(e)      commencing or continuing in any manner, directly or indirectly, an action or proceeding concerning Rui Jing's assets, rights, obligations or liabilities, or to resolve any dispute arising out of any provision of the Rui Jing Hong Kong Scheme, which in each case is in any way inconsistent with the Rui Jing Hong Kong Proceeding, the Rui Jing Hong Kong Sanction Order, the implementation and consummation of the Rui Jing Hong Kong Scheme, or otherwise under BVI, Hong Kong, US, or other applicable law; and

(f)      declaring or considering the filing of the Rui Jing Hong Kong Proceeding, the Rui Jing Hong Kong Scheme, the Rui Jing Hong Kong Sanction Order or these Chapter 15 Cases a default or event of default under any agreement, contract or arrangement; or interfering with the enforcement and implementation of the Rui Jing Hong Kong Scheme or the Rui Jing Hong Kong Sanction Order.

6.      Without limiting the foregoing, the action captioned *Oasis Investments II Master Fund Ltd. v. Chang Ye Investment Company Limited and Kaisa Group Holdings Limited*, Index No. 651835/2024 (Sup. Ct. N.Y. Cnty.) (the "Oasis Litigation"), including all proceedings, discovery, and enforcement activity therein, is hereby stayed and enjoined in its entirety.

7.      No action may be taken within the territorial jurisdiction of the United States to confirm or enforce any award or judgment that would violate this Order without first obtaining leave of this Court.

8.      As of the date of this Order, any judgment, wherever and whenever obtained, to the extent such judgment is a determination of a Released Claim (as defined in the Rui Jing Hong Kong Scheme) cancelled, discharged, or restructured under the Rui Jing Hong Kong Scheme, or as a result of Hong Kong law relating to the Rui Jing Hong Kong Scheme, is unenforceable in the United States to the extent inconsistent with the Rui Jing Hong Kong Scheme, or the Rui Jing Hong Kong Sanction Order.

9.      The Foreign Representative is entrusted with the administration or realization of all of Kaisa's assets that are located within the territorial jurisdiction of the United States, including the prosecution of any causes of action belonging to Rui Jing.

10. The Foreign Representative may seek leave to conduct discovery pursuant to applicable provisions of law concerning, among other things, Rui Jing's assets, affairs, rights, obligations or liabilities.

11. No action taken by the Foreign Representative, Rui Jing, or their respective successors, agents, representatives, advisors, or counsel in preparing, disseminating, applying for, implementing, or otherwise acting in furtherance of or in connection with the Rui Jing Hong Kong Proceeding, this Order, the Chapter 15 Cases, or any adversary proceeding herein, or any further proceeding commenced hereunder, shall be deemed to constitute a waiver of the rights or benefits afforded such persons under sections 306 and 1510 of the Bankruptcy Code.

12. The Foreign Representative, Rui Jing, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules or orders of this Court.

13. This Order shall be served by electronic mail to the extent email addresses are available and otherwise by U.S. mail, first-class postage prepaid or overnight, upon: (i) the Chapter 15 Notice Parties (as defined in the *Order (I) Scheduling the Recognition Hearing, and (II) Approving Form and Manner of Service of Notice* (the "Scheduling Order") [Dkt. No. 16] and (ii) those parties requesting notice pursuant to Bankruptcy Rule 2002. Kroll Restructuring Administration LLC, in its capacity as the Debtors' noticing agent, shall serve this Order in the manner described in the Scheduling Order. Such service and notice is good and sufficient service and adequate notice for all purposes.

14. The Foreign Representative is authorized to take all actions necessary to carry out this Order.

15.     The Existing Common Depositary, the Existing Notes Trustee, the Existing Paying and Transfer Agent and Registrar, any common depositary, successor trustees, principal paying agent, registrar, transfer agent and any other administrative party are hereby authorized to take any actions or execute any documents it believes appropriate in furtherance of or in connection with consummating the transactions contemplated by the Rui Jing Hong Kong Sanction Order and the Rui Jing Hong Kong Scheme, including, among other things, the cancellation and discharge of the Existing Notes and related documentation.

16.     Notwithstanding any provision in the Bankruptcy Code or the Bankruptcy Rules to the contrary, including, but not limited to Bankruptcy Rules 1018, 3020(e), 6004(h), 7062 and 9014, (i) this Order shall be effective immediately and enforceable upon its entry, (ii) the Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order and (iii) this Order shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

17.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to interpretation or implementation of this Order.

**IT IS SO ORDERED.**

Dated: May 14, 2026
      New York, New York

/s/ John P. Mastando III
HONORABLE JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE